UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND<br>ALLIED TRADES INDUSTRY PENSION<br>FUND, et al.,<br><br>　Plaintiffs,<br><br>　　v.<br><br>BRIGHTON PAINTING COMPANY, d/b/a<br>Brighton Painting Co. Inc.,<br><br>　Defendant. | Civil Action No. 9-2108 (CKK) |

                           MEMORANDUM OPINION
                              (April 19, 2010)

　　Plaintiffs International Painters and Allied Trade Industry Pension Fund ("Pension Fund"), Gary J. Meyers, in his official capacity as fiduciary of the Pension Fund, the Political Action Together Fund ("PAT Fund"), and the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (collectively, "Plaintiffs"), filed a Complaint in this case against Defendant Brighton Painting Company, on November 9, 2009, alleging that Defendant failed to pay the proper amount of contributions owed under the relevant collective bargaining agreements and related agreements. *See* Compl., Docket No. [1]. Although properly and timely served with the Complaint and Summons, Defendant failed to respond to the Complaint, and the Clerk of the Court, upon the filing of an affidavit of default by Plaintiffs, entered default against Defendant on January 11, 2010. *See* Clerk's Entry of Default, Docket No. [5]. Presently before the Court is Plaintiffs' [6] Motion for Default Judgment. Having thoroughly considered Plaintiffs' submissions, the attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT Plaintiffs' [6] Motion for Default Judgment, for the reasons stated below.

## I. BACKGROUND

Plaintiffs filed the Complaint in the above-captioned matter on November 9, 2009. *See* Compl. As set forth in the Complaint, Plaintiffs assert that Defendant is bound through its collective bargaining agreements with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC ("Labor Agreements"), and that Defendant has also signed onto and agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement') and the plan documents for the ERISA Funds (as defined below) administered by the Pension Fund and Meyers ("Plan Agreements"). *Id.* ¶¶ 16-17; *see also id.*, Ex. 1 (Labor Agreements), Ex. 2 (Trust Agreement), Ex. 3 (Plan Agreement). Pursuant to the terms of those agreements, Plaintiffs assert that they are entitled to a monetary award in the amount of the unpaid contributions, liquidated damages, interest on the unpaid contributions, as well as costs, audit expenses and attorneys' fees. *Id.* ¶ 18.

According to the allegations in the Complaint, the Pension Fund is an employee pension benefit plan as defined under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Compl. ¶ 5. It is the fiduciary and plan administrator for the International Painters and Allied Trade Industry Pension Plan ("Pension Plan") and the International Painters and Allied Trade Industry Annuity Plan ("Annuity Plan"). *Id.* ¶ 4. In addition, together with Plaintiff Meyers, it is the authorized collecting fiduciary and agent for the following multi-employer, employee benefit and employee pension benefit plans: the Finishing Trades Institute ("FTI"), the PAT Fund, and LCMI (collectively with the Pension Plan and the Annuity Plan, the "ERISA Funds"). *Id.* ¶ 8.

As explained in the declaration of Thomas Montemore, Assistant to the Fund Administrator

for the Pension Fund, the Pension Fund provides retirement income to employees represented by the International Union of Painters and Allied Trades, AFL-CIO-CFL. Pls.' Mot. for Def. J., Docket No. [6], Ex. 1 (Declaration of Thomas Montemore) (hereinafter "Montemore Decl."), ¶ 2. Contributions are made to the Pension Fund by employers pursuant to the terms of the Labor Agreements discussed above. *Id.* ¶ 7. Signatory employers are required to submit monthly contributions on behalf of all employees in the bargaining unit pursuant to the rates of contributions set forth in the Labor Agreements. *Id.* Defendant is one such signatory employer obligated to make contributions to the Pension Fund under the terms of its Labor Agreements and the Trust Agreement. *Id.* ¶ 6. The Labor Agreements entered into by Defendant provide that for each hour worked by an employee performing work under the agreements, Defendant is obligated to pay, in addition to wages, contributions to the Pension Fund. *Id.* ¶ 7. Pursuant to a payroll audit conducted by the Pension Fund, Plaintiffs have determined that Defendant owes delinquent contributions for the period of January 2004 through December 2008 for all ERISA Funds in the amount of $17,411.99. *Id.* ¶ 8.

In addition to unpaid contributions, pursuant to Section 10.10 of the Plan Agreement, Plaintiffs assert that Defendant owes interest on the unpaid contributions, determined in accordance with the rate of interest for underpayment of federal income taxes as set forth in 26 U.S.C. § 6621, from the date due until the date paid as well as liquidated damages equal to twenty percent of the unpaid contributions or the amount of interest due, whichever is great. *Id.*; *see also* Plan Agreement, §§ 10.12(b)(2)&(3). Plaintiffs have also calculated that interest on the unpaid contributions for all ERISA Funds, from the date due until January 19, 2010, totals $3,142.20. Montemore Decl. ¶ 8(b). In addition, Plaintiffs have calculated that they are entitled to $3,482.41 in

3

liquidated damages, which amount equals twenty percent of the total unpaid contributions owed. *Id.* ¶ 8(c).

Finally, under Article VI, Section 6 of the Trust Agreement, any employer, such as Defendant, who is delinquent in making contributions is obligated to pay audit costs incurred by the Pension Fund. *Id.* ¶ 8(d); *see also* Trust Agreement, Article VI, § 6. The Pension Fund avers that it incurred audit costs totaling $3,785.60 resulting from Defendant's failure to timely pay the required contributions. Montemore Decl. ¶ 8(d). Defendant is also obligated under Section 10.12 of the Plan Agreement to pay "reasonable attorneys' fees and costs" of this action. Plan Agreement, § 10.12(b)(5). As set forth in the Declaration of Jerome A. Flanagan, an attorney with Jennings Sigmond, P.C., counsel of record for Plaintiffs, Plaintiffs incurred legal fees in the amount of $6,748.00 and costs in the amount of $519.85, for a total of $7,267.85. Pls.' Mot. for Def. J., Ex. 2 (Declaration of Jerome A. Flanagan) (hereinafter "Flanagan Decl."), ¶ 3.

Defendant was served with the Complaint and Summons on December 1, 2009, and was therefore required to respond by December 22, 2009. *See* Return of Service/Affidavit, Docket No. [3]. Defendant failed to file an answer or otherwise respond to the Complaint, and Plaintiffs subsequently requested entry of default. *See* Pls.' Request to Clerk to Enter Default, Docket No. [4]. On January 11, 2010, the Clerk of the Court entered default against Defendant. *See* Clerk's Entry of Default, Docket No. [5]. Plaintiffs subsequently filed the instant Motion for Default Judgment. *See* Pls.' Mot. for Default J. As of the date of this Memorandum Opinion and Order, Defendant has not entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a

party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). FED. R. CIV. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

### III. DISCUSSION

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered Defendant's default, and the factual allegations in the Complaint are therefore taken as true. *See R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30.

5

The Court finds that Plaintiffs' Complaint sufficiently alleges facts to support their claims. Accordingly, Plaintiffs are entitled to default judgment as to Defendant's liability for its failure to timely pay contributions as required under the terms of the Labor Agreements, Trust Agreement and Plan Agreements.

Although the default establishes a defendant's liability, the Court must make an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins*, 180 F. Supp. 2d at 17. Here, pursuant to the terms of the Plan Agreement and the Trust Agreement, Defendant is obligated to pay: (a) the total amount of unpaid contributions still outstanding for the period of time from January 2004 through December 2008; (2) liquidated damages equal to twenty percent of the total unpaid contributions; (3) unpaid interest at the rate set forth in 26 U.S.C. § 6621; and (4) legal costs, attorneys' fees and audit costs. *See* Plan Agreement, § 10.12(b); Trust Agreement, Article VI, § 6. Defendant's contractual obligations mirror its statutory obligations under 29 U.S.C. § 1132(g)(2), which provides that Plaintiffs are entitled to an award of: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) twenty percent (or such higher percentage as may be permitted under Federal or State law) of the unpaid contributions; (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.

As discussed above, Plaintiffs filed the declarations of Montemore and Flanagan in support of their Motion for Default Judgment. Based on these declarations, the Court finds that Plaintiffs have established damages in the amount of:

- $17,411.99 in unpaid contributions for the time period of January 2004 through December 2008;

- $3,482.41 in liquidated damages, which equals twenty percent of the total unpaid contributions owed;

- $3,142.20 in interest, determined at the rate set forth in 26 U.S.C. § 6621, calculated from the date due through January 19, 2010;

- $7267.85 in reasonable attorney's fees and legal costs; and

- $3,785.60 in auditing costs.

Therefore, pursuant to the terms of the relevant agreements and 29 U.S.C. § 1132(g)(2), the Court shall award Plaintiffs a monetary judgment in the total amount of **$27,822.20**. In addition, Plaintiffs request, and the Court finds that they are entitled to, an award of post-judgment interest in accordance with 28 U.S.C. § 1961. *See I.A.M. Nat'l Pension Fund, Plan A, A Benefits v. Slyman Indus., Inc.*, 704 F. Supp. 301, 303 (D.D.C. 1989), *aff'd* 901 F.2d 127, 130 (D.C. Cir. 1990). Finally, Plaintiffs request, and the Court finds that they are entitled to, an award of all additional reasonable attorneys' fees and costs they may incur in the collection and enforcement of this monetary judgment in accordance with 29 U.S.C. § 1132(g)(2)(D).

## IV. CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiffs' [6] Motion for Default Judgment and shall enter a judgment for Plaintiffs in the amount of $27,822.20. An appropriate order accompanies this memorandum opinion.

Date: April 19, 2010

                                                  /s/
                                             **COLLEEN KOLLAR-KOTELLY**
                                             United States District Judge